**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ALEX GUERRA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION #: 2:24-CV-00002** |
| | § | |
| **CITY OF ARANSAS PASS;** | § | |
| **SAN PATRICIO COUNTY;** | § | |
| **CHIEF OF POLICE ERIC** | § | |
| **BLANCHARD, (In His Individual** | § | |
| **Capacity and as Policymaker for** | § | **JURY** |
| **City of Aransas Pass Police Department)** | § | |
| **CAPTAIN KYLE RHODES,** | § | |
| **(In His Individual Capacity)** | § | |
| **DETECTIVE TROY POE,** | § | |
| **(In His Individual Capacity); and** | § | |
| **JOHN DOES (1-10)** | § | |
| | § | |
| **Defendants.** | § | |

**CAPTAIN KYLE RHODE'S AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF San Patricio | § |

BEFORE ME, the undersigned authority, on this day personally appeared Kyle Rhodes, a Captain with the Aransas Pass Police Department, Aransas Pass, Texas, who being by me duly sworn on his oath states as follows:

1. My name is Kyle Rhodes. I am over the age of eighteen. I have never been convicted of a felony or a crime involving moral turpitude. I am fully competent to make this affidavit. The factual statements contained in this affidavit are true and correct and are within my personal knowledge.

Exhibit B

2. At the time of the DeGrange murders and at the times relevant to this case, I worked as a Captain for the Aransas Pass Police Department. At all times relevant to this case, I was acting withing the scope and course of my employment as a police officer. At all times relevant to this case, I believe all actions I took were reasonable and lawful. I acted in a supervisory capacity during the investigation of the DeGrange murders, and I submitted an affidavit in support of a warrant for the arrest of Plaintiff for hindering apprehension or prosecution. The warrant was related to the murder investigation; the murders were committed by Omar Guerra and the warrant for Plaintiff's arrest was for hindering Omar Guerra's apprehension or prosecution for those murders.
3. As a part of my involvement in the murder investigation, I interviewed multiple witnesses, including the Plaintiff and his siter-in-law, Aracely Lamberton Valle. I did not personally place the Plaintiff under arrest; however, I did draft and submit an affidavit in support of a warrant for his arrest. Everything contained in that affidavit was true and correct. After the information was submitted to a neutral magistrate, a warrant for Plaintiff's arrest was signed. Plaintiff was arrested pursuant to that signed warrant.
4. A true and correct copy of the affidavit I submitted to the magistrate is included herein. Other than an identification number handwritten at the top of the page, it is the same as when I signed and submitted it on February 4th, 2021. In my opinion, the identification number is written in the same pen and handwriting as belonging to magistrate Susan Price. The document has not otherwise been changed or altered in any way. As the author of the document and as a Captain in the Police

Department, I am familiar with the creation and retention of these types of documents. They are created and kept in the regular course of business and by a person with knowledge of the events. Additionally, the document describes and sets forth facts I observed and learned as a part of my investigation that I had a duty to report.

5. The affidavit speaks for itself, and it is included in its entirety herein. I testified therein regarding Plaintiff's criminal history; that on information and belief Plaintiff planned the bar-b-que that brought his brother all the way from Rio Grande City to Aransas Pass to commit the murders; and that he knew that the victim had previously assaulted his brother while the two were incarcerated together.

6. I also testified that Plaintiff admitted telling his brother about the security cameras at the trailer park, but did not report that his brother disabled the security footage directly before the murders took place. I also testified that Plaintiff failed to report to police that his brother donned body armor prior to the murders. I also testified that Plaintiff was present during these events, but still did not report them to the police.

7. The security footage that we were able to recover after the murder showed that Plaintiff was present when the security footage was cut and when his brother donned his body armor.

8. The warrant affidavit states correctly that the totality of the information led us to understand and believe that Plaintiff withheld information from the police. It

concludes, correctly, that Plaintiff's actions hindered the timely apprehension and identification of his brother.

9. All of the facts submitted to the magistrate were true and correct facts learned through our investigation. I believe that the facts laid out in the affidavit support a finding of probable cause for the arrest of Plaintiff for the crime of hindering prosecution. Specifically, the facts support a finding that there was probable cause that Plaintiff acted with intent to hinder the apprehension or prosecution of his brother, Omar Guerra, by withholding information from the police in an attempt to aid him by "any means" to avoid arrest or effect escape under Tex. Pen. Code 38.05.

10. I never did testify before a grand jury relevant to this case or give any testimony at the Plaintiff's criminal trial.

SIGNED 8/29/2024

______________________________
Kyle Rhodes

Subscribed and sworn to before me by Kyle Rhodes on 8/29/2024, to certify the above as true and correct statements, which are certified herein by my hand and official seal.

MARILU MOJICA
Notary Public, State of Texas
Comm. Expires 01-18-2025
Notary ID 126159976

______________________________
Notary Public in and for the State of Texas

My Commission expires: 1/18/2025