**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ALEX GUERRA,**<br><br>**Plaintiff**<br><br>**VS.**<br><br>**CITY OF ARANSAS PASS; SAN PATRICIO COUNTY; CHIEF OF POLICE ERIC BLANCHARD, (In His Individual Capacity and as Policymaker for City of Aransas Pass Police Department) CAPTAIN KYLE RHODES, (In His Individual Capacity) DETECTIVE TROY POE, (In His Individual Capacity); and JOHN DOES (1-10)**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION #: 2:24-CV-00002**<br><br>**JURY** |

**DETECTIVE TROY POE'S AFFIDAVIT IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

STATE OF TEXAS §
§
COUNTY OF SAN PATRICIO §

BEFORE ME, the undersigned authority, on this day personally appeared Troy Poe, a detective for the City of Aransas Pass, Texas, who being by me duly sworn on his oath states as follows:

1. My name is Troy Poe. I am over the age of eighteen. I have never been convicted of a felony or a crime involving moral turpitude. I am fully competent to make this affidavit. The factual statements contained in this affidavit are true and correct and are within my personal knowledge.

Exhibit C

2. At the time of the DeGrange murders and at the times relevant to this case, I worked as a detective for Aransas Pass, Texas. While I no longer work for the City of Aransas Pass, Texas, at all times relevant to this case, I was acting within the course and scope of my employment as an officer. All actions I took relevant to this case were those which I believe were lawful and made in good faith. I was the lead detective investigating the DeGrange murders. I interviewed multiple witnesses regarding the murders, including the Plaintiff and his siter-in-law, Aracely Lamberton Valle. While I did not draft or contribute to the affidavit submitted in support of the warrant for Plaintiff's arrest for hindering prosecution or apprehension, I was the officer who ultimately did place the Plaintiff under arrest.
3. At the time I placed Plaintiff under arrest for hindering prosecution or apprehension, I knew that there was a signed warrant for his arrest for that crime. I did not take any part in the drafting of the affidavit which supported that warrant. Through my investigation, I did know that he was present in the video footage while his brother cut the security camera footage at the trailer park where the murders happened. I also knew that the footage showed that he was present when his brother donned his body armor directly before the murders took place. Plaintiff did not mention either of these events in his interview with the police following the murders. It is my belief that by failing to disclose these events, Plaintiff aided his brother in avoiding apprehension or prosecution.
4. I understand that Plaintiff planned the bar-b-que at the trailer park where the murders happened. Plaintiff invited his brother to the bar-b-que, and it was from

that bar-b-que at the trailer park that his brother left to commit the murders in the DeGrange trailer. Plaintiff claimed in his interview that the bar-b-que was organized and planned in the spur of the moment on the same day the murders took place. Plaintiff's brother came all the way from Rio Grande City, an approximately six hour round trip, for this bar-b-que with little to no notice.

5. Even with the above knowledge and understanding, I was not the one who sought a warrant for the Plaintiff's arrest for hindering apprehension or prosecution. While I focused on Omar Guerra and the murder investigation, Captain Rhodes was the one who sought the warrant for the Plaintiff's arrest. I do not remember reviewing the affidavit he submitted in support of that warrant in advance of placing Plaintiff under arrest. When I placed Plaintiff under arrest, I knew that there was a signed warrant for his arrest for hindering apprehension and prosecution.

6. When I placed Plaintiff under arrest I did so pursuant to a warrant signed by a neutral magistrate, and I reasonably believed that there was probable cause to support that warrant.

7. I never testified before any grand jury proceeding relevant to this case. I did not make the decision to indict Plaintiff for any crime and did not make the decision to bring his case to trial.

SIGNED Thursday, August 29, 2024

________________________________

Troy Poe

Subscribed and sworn to before me by Troy Poe on August 29, 2024, to certify the above as true and correct statements, which are certified herein by my hand and official seal.

________________________________

Notary Public in and for the State of Texas

My Commission expires: 06/09/2025

GINA VILLARREAL
Notary Public, State of Texas
Comm. Expires 06-09-2025
Notary ID 125326397

NOTARY PUBLIC STATE OF TEXAS