United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ALEX GUERRA** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:24-CV-2** |
| | § | |
| **CITY OF ARANSAS PASS, et al.,** | § | |
| | § | |

# FIRST AMENDED SCHEDULING ORDER

1. **JURY SELECTION and TRIAL** is set for **September 27, 2027, at 8:30 a.m.** before United States District Judge David S. Morales at the United States District Courthouse, Third Floor Courtroom (319), 1133 N. Shoreline Blvd., Corpus Christi, Texas. If the parties are prepared for trial before this date, a Joint Motion and Proposed Order indicating that the case is ready for trial and requesting an earlier date may be filed with the Court. See below for information regarding usage of courtroom technology equipment.

2. The deadline for **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS** is **October 15, 2024**. This provision does not relieve the parties from the requirement of obtaining leave to file the pleading or add parties whenever required by the Federal Rules of Civil Procedure (e.g., FED. R. CIV. P. 15(a)(2)).

3. **DESIGNATION OF EXPERTS BY PLAINTIFFS** must take place on or before **January 15, 2027**. **DESIGNATION OF EXPERTS BY DEFENDANTS** must take place on or before **February 15, 2027**. Written reports by experts under FED. R. CIV. P. 26(a)(2)(B) are due at the time of designation of each expert. Parties are ordered to file only a list of proposed witnesses with the Court pursuant to Rule 26, but **NOT** reports or other discovery materials.

4. A **DEMAND LETTER** must be presented to Defendant(s) no later than **October 30, 2024**, and a **RESPONSE** is due **thirty (30) days** after receipt of the demand letter. The parties shall not file the demand or response with the Court; however, a **STATEMENT OF INTENT REGARDING MEDIATION** must be filed with the Court on **December 13, 2024**.

5. **ALL DISCOVERY** shall be completed by **April 2, 2027**. Discovery requests are not timely if the deadline for response under the Federal Rules of Civil Procedure falls after this date.

6. Except for good cause, the deadline for filing all **DISPOSITIVE AND DAUBERT MOTIONS** is on **May 3, 2027**. Pursuant to Local Rule 7.4, failure to respond by the submission date provided by Local Rule or as modified by the Court will be considered by the Court as if the motion is unopposed, and the motion may be granted.

7. A **STATUS CONFERENCE** will be held on **July 7, 2027, at 10:00 a.m.** The Parties should be prepared to discuss discovery, any pending motions, any additional motions anticipated by the parties, the possibility of settlement, and mediation.

8. The parties' **JOINT PRETRIAL ORDER**, together with **WITNESS LISTS, EXHIBIT LISTS, MOTIONS IN LIMINE, and DESIGNATION OF DEPOSITION EXCERPTS FOR WITNESSES BEING CALLED BY DEPOSITION** shall be filed no later than **September 2, 2027,** the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas. This satisfies the requirements of FED. R. CIV. P. 26(a)(3). Plaintiff(s) shall allow all parties at least **fifteen (15) business days** for review and contribution. In the event of any failure to cooperate in signing the Joint Pretrial Order, a party may file, by the Joint Pretrial Order deadline, a motion for leave to file a Joint Pretrial Order without the signature of all counsel, showing good cause. Differences of the parties concerning any matter relevant to a pretrial order will be set forth in the Joint Pretrial Order at the appropriate place. Willful or indifferent failure to submit a well-prepared Joint Pretrial Order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.

9. **DISPUTES REGARDING MATTERS ACCOMPANYING JOINT PRETRIAL ORDER**. Parties are ordered to confer regarding the substance of motions in limine, exhibit and witness lists, deposition excerpts, and any other documents submitted with the Joint Pretrial Order to resolve matters on which the parties can agree so that the Court's attention is directed only to specific matters in genuine dispute. Parties are ordered to file with the Court a notice identifying any remaining objections to those documents no later than **September 9, 2027**.

10. **FINAL PRETRIAL CONFERENCE** is set for **September 16, 2027, at 10:00 a.m.** before United States District Judge David S. Morales at the United States District Court, Third Floor Courtroom (319), 1133 N. Shoreline Blvd., Corpus Christi, Texas. The attorney-in-charge for each party is required to be present.

11. **MOTION PRACTICE.** All pleadings, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court **in pleading form**, not correspondence form, through the United States District Clerk in Corpus Christi, Texas:

**United States District Clerk**
**Corpus Christi Division**
**Southern District of Texas**
**1133 N. Shoreline Blvd.**
**Corpus Christi, TX 78401**

a. You are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief. Additionally, do not copy the Court on letters between the parties.

b. Local Rule 7 provides rules and deadlines for pre-trial motions. Counsel must familiarize themselves with this rule.

c. Certificates of conference are required on most pre-trial motions.

d. Failure to respond within the deadline may result in the granting of the relief requested.

e. In addition to the provisions of Local Rule 7, this Court ORDERS that legal memoranda, including motions and responses, greater in length than **twenty-five (25) pages** shall **NOT** be filed without leave of Court. Page limits may not be circumvented by filing multiple separate motions seeking the same or similar relief, font less than 12-point (13-point font or larger is preferred), margins less than one inch, line spacing less than double (with the exception of appropriate block indents and footnotes), or excessive use of footnotes. If deposition testimony is attached as an exhibit, it shall be submitted in the condensed or mini-script format, i.e., four pages to one page.

f. Replies in support of motions of no more than ten (10) pages may be filed with this Court without first obtaining leave of Court. However, the Court may in its discretion rule on a motion without awaiting any reply. Any party planning to file a reply should file a notice of intention along with the date by which the reply will be filed so that the Court may schedule its workload accordingly.

g. Any additional memoranda (such as sur-replies) are not permitted without leave of Court and may not exceed five (5) pages absent specific relief from the page limitation.

12. **PREMOTION CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS**. Any party wishing to file any discovery motions must meet and confer regarding the substance of the discovery dispute. If no resolution can be reached, the movant must arrange for a premotion conference with the Court before the preparation and submission of any motion papers. This includes a motion to compel, to quash, for protection, or for sanctions. Email Ms. Rodriguez Clancy at Arlene_RodriguezClancy@txs.uscourts.gov to arrange for a premotion conference. Notify your adversary of the date and time for the conference. Failure to comply with the premotion conference requirement may result in the Court striking the motion without notice.

13. **IT EQUIPMENT**. The courtroom is equipped with computer technology for displaying images on a large screen and on monitors for the judge, jury, and witness. However, attorneys who plan to use that equipment must know in advance how the equipment works and which type of equipment is compatible with the system. Attorneys must arrange with the Case Manager at least one day in advance of the use of the equipment for hearing or for trial to familiarize themselves with the system. As technology is always changing, attorneys should check with the Case Manager each time use is requested. Failure to do so will not be permitted to delay the proceedings or the Court's docket.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
August 25th, 2026